UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TITE NICOLE GORDON,

    Plaintiff,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

    Defendant.

                              /

Case No. 2:17-cv-12580

HON. STEPHEN J. MURPHY, III

# OPINION AND ORDER
# GRANTING DEFENDANT'S
# MOTION FOR PARTIAL SUMMARY
# JUDGMENT [25, 26], FINDING MOOT
# DEFENDANT'S MOTION TO AMEND [30], AND DENYING
# PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [27]

On August 9, 2017, Plaintiff filed a complaint alleging that Defendant breached the insurance policy it issued to Plaintiff. ECF 1, PgID 1. On August 22, 2017, Defendant filed an answer advancing ten affirmative defenses: (1) failure to state claims, (2) non-fortuitous loss, (3) intentional acts exclusion, (4) concealment or fraud, (5) additional living expenses not owed and/or limited, (6) loss payment, (7) insurable interest and limit of liability, (8) claim of offset, (9) failure to mitigate, and (10) loss deductible. ECF 5. On July 30, 2018, Defendant filed its motion for partial summary judgment. ECF 25, 26.[1] On the same day, Plaintiff filed her motion for

---

[1] Defendant's motion for partial summary judgment and brief were bifurcated into two filings. ECF 25, 26. Although the brief included Defendant's counsel's signature block, one line for his signature was blank. See ECF 26, PgID 137. On August 27,

1

partial summary judgment to strike Defendant's first four defenses. ECF 27. The Court has reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons below, the Court will grant Defendant's motion and deny Plaintiff's motion.

## BACKGROUND[2]

Plaintiff and Sean Davis had a casual sexual relationship in 2015, but the sexual relationship ended in early 2016. ECF 27-6, PgID 409. Plaintiff and Mr. Davis remained friends. *Id.* Mr. Davis performed home improvement and repair work at Plaintiff's home as a contractor. ECF 28-2, PgID 531–32.

On December 29, 2015, Defendant issued Plaintiff a policy insuring her home in Detroit, Michigan. ECF 27-13, PgID 458. On February 22, 2016, Plaintiff left her house while her stove was turned on under a grease-filled pan. ECF 28-2, PgID 526–27. When Plaintiff returned home, the kitchen was filled with black smoke, and she called the fire department. *Id.* at 526, 528. Plaintiff testified that she did not report the claim to the agent. *Id.* at 528. But phone records suggest that she placed a call that day to Brandon Bell, a State Farm agent. ECF 28-3, PgID 590.

---

2018, Defendant filed an amended motion for partial summary judgment that included counsel's signature. ECF 30.

[2] When considering motions for summary judgment, the Court construes facts in favor of the non-moving party. The background recited below does not constitute any finding of fact by the Court.

On March 25, 2016, while the policy was in effect, another fire damaged Plaintiff's home and personal property. ECF 1, PgID 3. Plaintiff testified that her relationship with Mr. Davis at the time of the March 25, 2016 fire was "purely professional." ECF 28-2, PgID 531.

Plaintiff was cooking pork chops and left her home while the stove was turned on. ECF 27, PgID 148.³ While Plaintiff was not at home, the stove caught on fire. *Id.* The fire spread throughout her house. *Id.* The accounts of Plaintiff's activities and her communications on the day of the fire are varying and inconsistent. *See, e.g.*, ECF 27-4, PgID 192–93 (Defendant's expert's summary of his interview with Plaintiff on April 7, 2016); ECF 28-3, PgID 514–25, 532–35 (excerpts of Plaintiff's May 26, 2016 testimony); *id.* at 538–44 (transcript of Plaintiff's April 18, 2016 call with Defendant's claim center); *id.* at 576–78 (excerpts of Plaintiff's December 28, 2017 deposition); *id.* at 580–85, 587 (Plaintiff's call and text message records).

After the fire, the Detroit Fire Department generated an incident report, stating that the "[c]ause of fire was determined to be the result of unattended cooking material left on the stove." ECF 27-5, PgID 406. The report states that the ignition was "unintentional." *Id.* at 405.

Defendant also investigated the fire. *See generally* ECF 27-4. Defendant's fire expert's report stated that the observed fire patterns were consistent with fire

---

³ According to Plaintiff's May 26, 2016 testimony, she had already finished cooking the pork chops. ECF 27-2, PgID 172. But according to Defendant's fire expert's summary of his interview with Ms. Gordon, she was still cooking two pork chops when she left the house. ECF 27-4, PgID 192–93.

3

spreading from the skillet. *Id.* at 191. The expert explained that "[t]his type of fire may be accidental and/or may be the result of an intentional act that was made to *appear* accidental." *Id.* (emphasis in original). He concluded, "With information currently at hand, I cannot classify this fire as accidental or intentional." *Id.* at 200.

Plaintiff timely notified Defendant of her losses, and Defendant paid Plaintiff for her additional living expenses but did not pay her for damages to her dwelling and personal property. ECF 1, PgID 3–4.

On May 26, 2016, Plaintiff provided testimony about the fire under oath. *See* ECF 27-2, 28-2 (excerpts of testimony). On September 2, 2016, Defendant issued a letter to Plaintiff denying liability under the insurance policy. ECF 27-9. Defendant explained, "You did not sustain a loss, as defined in the policy[.] The loss was caused or procured by you[.] You have made material misrepresentations regarding the facts and circumstances[.]" *Id.* at 418. The letter stated that the policy was void as of the date of the fire. It also cited several provisions of the policy related to Defendant's denial of the claim.[4]

---

[4] Specifically, the letter cited "SECTION I – LOSSES INSURED", which covered the dwelling and personal property for "accidental direct physical loss." ECF 27-9, PgID 418. The letter also cited the policy's "Intentional Acts" provision, which stated, "If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss." *Id.* at 419. The letter also cited the "Concealment or Fraud" condition, which stated, "This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss." *Id. See also* ECF 27-13, PgID 470, 478, 483 (provisions as they appear in the policy).

4

Mr. Davis repaired Plaintiff's home after the fire. ECF 28-3, PgID 565 (March 15, 2018 deposition of Mr. Davis).

Plaintiff was employed. ECF 27, PgID 148. She never had to deal with bankruptcy, foreclosure, or repossession. *Id.* She did not owe money to the IRS or the State of Michigan. *Id.* She was up-to-date on the property taxes on the house on the date of the fire. ECF 27-6, PgID 408.

## STANDARD OF REVIEW

The Court may grant summary judgment "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To show that a fact is, or is not, genuinely disputed, both parties are required to either "cit[e] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A fact is "material" for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering cross-motions for summary judgment, a court "must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th

5

Cir. 2003). But the Court may not judge the evidence or make findings of fact. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435–36 (6th Cir. 1987).

The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435. Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

The Court may strike from a pleading an insufficient defense. Fed. R. Civ. P. 12(f). "Motions to strike affirmative defenses pursuant to Rule 12(f) are generally disfavored[.]" *Fields v. State Farm Mut. Auto. Ins. Co.*, No. 11–15296, 2012 WL 1119520, at *4 (E.D. Mich. Apr. 3, 2012).

## DISCUSSION

I. <u>Defendant's Motion for Partial Summary Judgment</u>

Defendant separately filed its motion and brief for partial summary judgment. ECF 25, 26. The Court will consider the two filings together. The Court will also excuse any error in the signature of Defendant's motion for partial summary judgment, so Defendant's amended motion is moot.

Defendant argues that Plaintiff's claim that Defendant failed to act in good faith—alleged in paragraphs 15 and 16 of the complaint—should be dismissed. Defendant advances several reasons. First, the allegations are conclusory and fail to state a claim. ECF 26, PgID 130. Second, there is no independent action under Michigan law for bad faith. *Id.* at 131–32. Third, even if bad faith were part of Plaintiff's breach of contract action, bad faith would not entitle her to additional damages. *Id.* at 132–36.

Plaintiff counters that because she requested attorney's fees in her complaint, she has sufficiently pleaded a claim for which relief can be granted. *Id.* at 621. She argues that Michigan law allows attorney's fees when a party acts in bad faith. *Id.* at 622 (citing *Nemeth v. Abonmarche Dev., Inc.*, 457 Mich. 16, 37–38 (1998)). Plaintiff also points out that she did not allege any tort of bad faith. *Id.* at 620.

Michigan common law follows the American rule regarding attorney's fees, which provides that attorney's fees are ordinarily not recoverable unless a statute, court rule, or common-law exception provides otherwise. *Popma v. Auto Club Ins. Ass'n*, 446 Mich. 460, 474 (1994). "[T]he application of the American rule precludes the recovery of attorney fees incurred as the result of an insurer's bad faith refusal to

7

pay a claim." *Burnside v. State Farm Fire & Cas. Co.*, 208 Mich. App. 422, 424 (1995). Although an insurer does have a contractual duty to exercise good faith when investigating and paying claims, an insured can recover only penalty interest, not attorney's fees. *Id.* at 431.

Plaintiff requested 12% penalty interest and other consequential damages. ECF 1, PgID 6. But good or bad faith does not apply to insured's claims for 12% penalty interest under Mich. Comp. Laws § 500.2006. *No Limit Clothing, Inc. v. Allstate Ins. Co.*, No. 09–13574, 2011 WL 96869, at *5 (E.D. Mich. Jan. 12, 2011). Moreover, the availability of consequential damages does not depend on whether a contract was breached in good or bad faith. *Red Cedars, Inc. v. Westchester Fire Ins. Co.*, 686 F. Supp. 614, 616 n.1 (E.D. Mich. 1988) (citing *Kewin v. Mass. Mut. Life Ins. Co.*, 409 Mich. 401, 420 (1980)). Plaintiff therefore did not plead a plausible ground for relief for Defendant's alleged bad faith or failure to act in good faith. The Court will grant Defendant's motion for partial summary judgment.

II. Plaintiff's Motion for Partial Summary Judgment

Plaintiff's motion for summary judgment asks the Court to strike Defendant's first, second, third, and fourth affirmative defenses. ECF 27. Specifically, those defenses are: (1) failure to state a claim; (2) non-fortuitous loss; (3) intentional acts exclusion; and (4) concealment or fraud. ECF 5, PgID 56–58 For its second, third, and fourth defenses, Defendant cites to the provisions of the policy quoted in the denial letter. *Compare id.* at 57–59 *with* ECF 27-9, PgID 418–19**.**

### A. Defendant's First Defense

Plaintiff's motion for summary judgment asks the Court to strike Defendant's first defense—that Plaintiff failed to state a claim—but did not brief the request. *See generally* ECF 27; *see also* ECF 27, PgID 142–43 (Plaintiff's statement of issues presented). Plaintiff is therefore not entitled to summary judgment on Defendant's first defense.

### B. Defendant's Second and Third Defenses

Plaintiff devotes much of her motion for summary judgment to arguing that Defendant's "civil arson defense" must be dismissed. ECF 27, PgID 152. Plaintiff then cites the requirements for the civil arson defense under Michigan law. *Id.* at 152–54; *see generally Fitzgerald v. Great Cent. Ins. Co.*, 842 F.2d 157, 158–59 (6th Cir. 1988). Plaintiff's arguments about the civil arson defense are leveled against Defendant's second and third defenses—respectively, non-fortuitous loss and intentional acts exclusion. But Plaintiff's arguments regarding the civil arson defense are inapposite.

Defendant has not pleaded civil arson as a defense. To the contrary, Defendant cited as its second defense the insurance policy's exclusion of losses that are not "accidental direct physical loss[es]." ECF 5, PgID 57. Material to the second defense, then, is whether or not the loss was accidental.

Plaintiff is not entitled to summary judgment on Defendant's second defense. Defendant's fire expert opined that he could not classify the fire as accidental. ECF 27-4, PgID 200. Plaintiff argues that there are four classifications for the cause of a fire: accidental, natural, incendiary, or undetermined ECF 27, PgID 155 (citing

9

National Fire Protection Association 921 Classification of Fire Cause (2014 ed.)). A material issue of fact therefore exists as to whether the loss was accidental.

And Defendant argues as its third defense that Plaintiff violated the "Intentional Acts" provision of the policy. *Id.* at 57–58. Material to the third defense, then, is whether Plaintiff—or persons in privity with her—intentionally set or arranged the fire with her knowledge or consent to obtain insurance benefits. *See id.* The inquiry is not coterminous with the civil arson defense.

Plaintiff is not entitled to summary judgment on Defendant's third defense. Defendant's fire expert opined that "[t]his type of fire may be accidental and/or may be the result of an intentional act that was made to *appear* accidental." ECF 27-4, PgID 191. A material issue of fact therefore exists as to whether the fire resulted from an intentional act. And although Plaintiff claimed $44,192 for damage to the building, ECF 28-3, PgID 601, Mr. Davis billed her approximately $27,000 for repair work he performed, ECF 28-3, PgID 565. *See also* ECF 28, PgID 501. It is therefore possible that, notwithstanding her financial history, Plaintiff could have gained from the insurance benefits. In light of the outstanding issues of material fact, Plaintiff is not entitled to summary judgment on Defendant's third defense, either.

C. *Defendant's Fourth Defense*

Defendant's concealment or fraud defense cites Plaintiff's insurance policy, which provides that the policy is void if Plaintiff "has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss." ECF 5, PgID 58. Specifically, Defendant alleges that Plaintiff

intentionally concealed or misrepresented facts about three things: (1) that she—or someone at her direction or with her knowledge or consent—set the fire; (2) her activities before the fire occurred; and (3) her relationship with Sean Davis. *Id.* Defendant indicated that the concealment or misrepresentations occurred in statements in a document called "Sworn Statement in Proof of Loss," as well as Plaintiff's non-recorded and recorded statements to Defendant and during her May 26, 2016 examination under oath. *Id.* at 58–59.

Plaintiff argues that Defendant's answer failed to meet the pleading requirements of Federal Rule 9(b), and a misrepresentation must be material, false, and with knowledge and intention. ECF 27, PgID 160. Plaintiff also lodges several criticisms of Defendant's fourth defense, including: "State Farm admits that its claims adjusters and attorneys never asked [Plaintiff] if she had a casual sexual relationship with Mr. Davis," *id.* at 161, and "State Farm relies on inadmissible hearsay evidence to support its fraud defense," *id.* at 163.

A party alleging fraud "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed R. Civ. P. 9(b). The application of Rule 9(b) "does not require formulaic compliance," but a party alleging fraud must allege "the time, place, and content of the alleged misrepresentation." *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 587 (6th Cir. 2016) (citation omitted). The allegations should alert the opposing party "as to the particulars of their alleged misconduct[.]" *Id.* (citation omitted).

Defendant sufficiently pleaded Plaintiff's intent to conceal and misrepresent facts or information and Plaintiff's intent to deceive or defraud Defendant. *See* ECF 5, PgID 58–59. Defendant also sufficiently pleaded that Plaintiff was responsible for the concealment or fraud and in which documents or occurrences the concealment or fraud allegedly occurred.

Furthermore, Defendant sufficiently pleaded that Plaintiff concealed or misrepresented her "relationship with Sean Davis." During Plaintiff's May 26, 2016 examination under oath, Plaintiff denied any relationship with Mr. Davis other than contractor-homeowner and whether there would be any reason that people "would say he was . . . dating you[?]" ECF 28-2, PgID 531. And she stated under oath that she had told State Farm "how [she] knew [Mr. Davis] and everything." *Id.* at 536. Defendant cited in its fourth defense the May 26, 2016 examination under oath, so Defendant sufficiently pleaded that Plaintiff concealed or misrepresented her relationship with Sean Davis.

And Defendant sufficiently pleaded that Plaintiff concealed or misrepresented her communications with Mr. Davis. Her communications with Mr. Davis on the date of the fire were repeatedly covered during her May 26, 2016 examination under oath. E.g., ECF 28-2, PgID 514, 523, 524. For the same reason, Defendant also sufficiently pleaded that Plaintiff concealed or misrepresented her activities before the fire.

Finally, under the summary judgment standard, there are material issues of fact surrounding Defendant's concealment or fraud defense. For example, the record

does not provide a consistent account of Plaintiff's activities and communications on March 25, 2016. Summary judgment is therefore not appropriate.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that Defendant's motion for partial summary judgment [25, 26] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court **FINDS** Defendant's motion to amend its motion for partial summary judgment [30] is **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment [27] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall appear for a telephonic status conference on **January 30, 2019 at 11:00 a.m.** The details of the telephonic status conference will be noted on the docket.

**IT IS FURTHER ORDERED** that the final pretrial conference is **SET** for **March 27, 2019 at 2:00 p.m.** and trial date is **SET** for **April 23, 2019 at 9:00 a.m**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 22, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 22, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager